JOHN S. BILLINGS v. BOARD OF COUNTY COMMISSIONERS OF OTTER TAIL COUNTY.

November 9, 1899.

Nos. 11,831—(76).

**Fees of Sheriff in Otter Tail County.**

Under Sp. Laws 1891, c. 423, § 5, thereof, the sheriff of Otter Tail county is only entitled to receive for his services, in lieu of other compensation, 70 per centum of the fees and compensation provided by G. S. 1878, c. 70, § 11 (G. S. 1894, § 5550), or by any other law of the state applicable to said county, unaffected by the provisions of section 5 of said special law.

Action in the district court for Otter Tail county by plaintiff as sheriff of said county to recover $150.75 for services as sheriff. From an order, Baxter J., overruling a demurrer to the complaint, defendant appealed. Reversed.

*C. L. Hilton,* County Attorney, for appellant.

*J. W. Mason* and *C. C. Houpt,* for respondent.

BUCK, J.

The plaintiff, as sheriff of Otter Tail county, in this state, performed certain services, for which he made out an itemized and verified statement, and presented the same to the defendant board for allowance and payment; the services being charged at the full rates provided by G. S. 1878, c. 70, § 11 (G. S. 1894, § 5550). The bill amounted to $150.75, and the board deducted and disallowed $7 thereof, and allowed only 70 per cent. of the balance. Plaintiff appealed to the district court, and in his complaint against said board of county commissioners set forth the above facts, to which complaint the board demurred upon the ground that the complaint

did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, with leave to answer.

There is no merit in the plaintiff's alleged cause of action, and the law seems quite plain against him. Sp. Laws 1891, c. 423, governs the case. The sections of the act particularly applicable to the point here involved are 3 and 5 thereof. Section 3 provides that the sheriff of said county shall be entitled to receive for his services, in lieu of other compensation, 70 per centum of the fees and compensation provided by G. S. 1878, c. 70, § 11 (G. S. 1894, § 5550), or by any other law of the state applicable to said county, save as therein otherwise provided. The plain legal effect of this section is to make the laws therein mentioned a basis for computing the sheriff's fees, viz., 70 per centum of what his fees would be if charged as provided by the laws mentioned in said section 5, and he was not entitled to collect any more than said 70 per cent. in the first instance nor at any other time. No further time need be given to a proposition so simple.

Section 5 of said law provides that,

"All parts of acts, so far as the same may be inconsistent with the provisions of this act, are hereby repealed, provided, that nothing in this section contained shall apply to section eleven (11) of chapter thirty (30) of General Statutes of 1878, nor to any general law of this state applicable to the office of sheriff."

This last section seems to have been inserted as a precaution against any claim or contention that section 5 could in any manner affect the laws therein mentioned, but to leave them intact, and also leave section 5 as a basis solely for fixing the fees of the sheriff of Otter Tail county at only 70 per cent. of the fees allowed by the general law or any other law of the state applicable to said county. Hence the trial court erred in not sustaining the defendant's demurrer to the plaintiff's complaint. It is conceded that the word "thirty" and the figures "30" in said section 5 are erroneous, and should read "seventy" and "70," respectively. See City of Winona v. Whipple, 24 Minn. 61.

Order reversed.